IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHAUNNE OLSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Cause No. 4:06-CV-0154   SEB- WGH |
| | ) |
| HORNBLOWER MARINE | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant | ) |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, HORNBLOWER MARINE SERVICES, INC. (hereinafter called "HORNBLOWER"), by and through counsel, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff, SHAUNNE OLSON, states as follows:

### ANSWER

1. In response to Paragraph 1 of Plaintiff's Complaint, the Defendant admits that it does business within the jurisdiction of this honorable Court.

2. In response to Paragraph 2 of Plaintiff's Complaint, Hornblower admits that this Court has subject matter jurisdiction over the Plaintiff's Complaint.

3. The Defendant admits that the Plaintiff was employed by the Hornblower but specifically denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Hornblower admits that the Plaintiff was employed on or about May 25, 2006 but the Defendant specifically denies the balance of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. The Defendant specifically denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSE

1. The Plaintiff, Shaunne Olson, has filed this lawsuit against Hornblower alleging that, among other things, on or about May 25, 2006 he sustained an injury on the Defendant's vessel.

2. At all material times, the Plaintiff had a duty to exercise due care for his own safety and well-being.

3. If Plaintiff sustained injuries and/or damages in the manner alleged in his Complaint, which is specifically denied, then the Defendant affirmatively states that said injuries and/or damages were caused solely through the fault, want of due care and/or omissions of Plaintiff in failing to exercise due care for his own safety and well-being. As such, the Plaintiff is entitled to no recovery against HORNBLOWER.

4. In the alternative only, the Defendant affirmatively states that, if Plaintiff sustained injury and/or damages in the manner alleged in his Complaint, which is specifically denied, then Plaintiff's injuries and/or damages were contributed to by his

own fault, want of due care and/or omissions in failing to exercise due care for his own safety and well-being and any judgment which the Defendant may be cast to pay Plaintiff must be reduced in proportion to the degree to which his own fault, negligence and lack of due care contributed to his injury and/or damages.

WHEREFORE, the Defendant, HORNBLOWER prays that, after due proceedings be had, there be judgment in its favor and against Plaintiff, Shaunne Olson, dismissing Plaintiff's Complaint at his cost. In the alternative only, the Defendant respectfully requests that any award which it may be caused to pay Plaintiff be reduced in proportion to the degree to which any injury and/or damages sustained by Plaintiff were caused or contributed to by Plaintiff himself or some other party for whose conduct Defendant is not responsible. The Defendant further prays for all other just and equitable relief which this honorable Court may deem proper.

Respectfully submitted,

_____
W. Scott Miller, Jr.
Stephanie R. Miller
MILLER & MILLER
401 W. Main Street
One Riverfront Plaza, Suite 602
Louisville, KY 40202-2936
(502)581-1224
(502)581-1227 (Fax)

Counsel for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that a copy of the foregoing was the 9th day of January, 2007 sent via facsimile to Dennis M. O'Bryan, 401 S. Old Woodward, Suite 320, Birmingham, MI 48009.

*W. Scott Miller, Jr.*
W. Scott Miller, Jr.
Stephanie R. Miller

02hornblower.olson.answer