UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHAUNNE OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:06-cv-154-SEB-WGH |
| | ) | |
| HMS WESTPAC EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON
MOTION FOR ATTORNEY FEES AND EXPENSES**

This matter is before the Honorable William G. Hussmann, Jr., United States
Magistrate Judge, on Plaintiff's Motion for Attorney Fees and Expenses filed April
15, 2008.  (Docket Nos. 86-87).  Defendant's Response to Plaintiff's Motion for
Attorney Fees was filed May 15, 2008.  (Docket No. 91).  Plaintiff's Reply to
Defendant's Response was filed May 27, 2008.  (Docket No. 93).  This matter was
referred to the Magistrate Judge by Order entered June 4, 2008.  (Docket No. 106).
The Magistrate Judge issued an order directing the Plaintiff to supplement his
Motion for Attorney Fees and Expenses by filing a copy of the fee agreement under
seal for the Court's review.  The Plaintiff did so on July 8, 2008.  (Docket No. 121).

On March 5, 2008, this Court entered an order that Plaintiff is entitled to an
award of reasonable attorneys' fees in connection with the Order granting Plaintiff's

Motion for Maintenance and Cure.  This Report and Recommendation will address the amount of the fees to be awarded in this case.[1]

Plaintiff's counsel has requested an award of attorneys' fees in the amount of Thirty-one Thousand Five Hundred Sixty-two Dollars and Fifty Cents ($31,562.50) and expenses in the amount of Two Thousand Two Hundred Seventy-six Dollars and Twenty-five Cents ($2,276.25).

The issue of the appropriate amount to be paid in this case requires the Magistrate Judge to answer four questions.  They are:

(1)   What is the appropriate manner in which to calculate attorneys' fees in a claim for maintenance and cure?

(2)   What is the appropriate hourly rate that should be applied to the time spent by Plaintiff's counsel?

(3)   What is the appropriate number of hours which Plaintiff's counsel has spent in this case?

---

[1]The Magistrate Judge has reviewed *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), which is the seminal case from the United States Supreme Court discussing attorney's fees in the context of a claim for maintenance and cure.  The *Vaughan* Court cited to an earlier Supreme Court precedent in *Sprague v. Ticonic Nat. Bank,* 307 U.S. 161, 164, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939), for the proposition that allowance of counsel fees and other expenses entailed by litigation, but not included in the ordinary taxable costs regulated by statute is "part of the historic equity jurisdiction of the federal courts."  The *Vaughan* Court held that where the employer is callous in its attitude and failed to make payment as required, a seaman who was forced to hire a lawyer and go to court to get what was plainly owed him was entitled to the payment of his attorney's fees.  The door is left somewhat ajar as to whether the award of attorney's fees is a part of compensation or whether it is a type of punitive damage. Because this Court has previously concluded that the ship owner here willfully failed to pay maintenance and cure when it was clearly due, the issue of whether attorney's fees should be paid is not addressed in this Report and Recommendation.  However, as discussed more fully in the body of this Recommendation, the characterization of the fees may have some significance to the interpretation of the Plaintiff's Fee Agreement with counsel.

(4)     What expenses outside those allowed by statute may Plaintiff recover?

**(1)    What is the appropriate manner in which to calculate attorneys' fees in a claim for maintenance and cure?**

In *Vaughan v. Atkinson,* the Supreme Court addressed an agreement that the attorney recover a 50% contingent fee.  The Court specifically declined to address whether a 50% contingent fee was reasonable.  (See FN 3 at p. 531).  This holding suggests that in order to determine the appropriate attorneys' fees award, this Court must consider the actual attorneys' fee obligation incurred by Plaintiff to his attorneys in this case.

The Magistrate Judge has reviewed the Retainer Contract signed by the Plaintiff and his counsel.  The contract provides that the attorneys will receive a one-third contingent fee of amounts recovered on Plaintiff's behalf, calculated by reducing the gross settlement for certain expenses of the litigation and multiplying the reduced amount by the appropriate percentage.  The contract does specifically provide that if sanctions inclusive of attorneys' fees are recovered, those attorneys' fees will accrue to the firm.

The Retainer Contract with the client does not differentiate between fees recovered for obtaining an order of maintenance and cure and those recovered under any other theory (*e.g.,* under the Jones Act).  Therefore, there may be some uncertainty as to whether amounts recovered as attorneys' fees for obtaining maintenance and cure are part of the Plaintiff's compensatory damages, or whether the attorneys' fees are in the nature of a "sanction" for which the attorneys are

entitled to claim all the attorneys' fees.  However, that issue is a potential dispute between the Plaintiff and his counsel, and is an issue not currently before this Court.

Orders awarding maintenance and cure are generally quite small.  As the parties are aware, "maintenance" is generally for a limited time (between injury and date of maximum medical cure) and is often a small daily payment – historically often only a very few dollars per day.  "Cure" requires the payment of medical costs – with those payments going to medical providers.  Given these facts, the Magistrate Judge believes that it would be difficult for a plaintiff to obtain the services of an attorney to proceed on a claim for improperly denied maintenance and cure (and difficult for attorneys to accept such claims) if the attorneys were limited to receiving *only* a contingent fee on any amounts recovered as "maintenance."[2]  The parties have not provided to this Court any case law

---

[2]The Magistrate Judge's Report and Recommendation did not establish the precise amount for maintenance in this case, and the parties have now agreed to resolve the overall claim so that it is difficult to determine what the recovery of "maintenance" would have been.  Based on the USDA charge for a low cost meal plan for a male of Plaintiff's age, a payment of $189.70/month would have covered food.  Based on a review of minimum electrical, gas, sewer, and water bills tendered as Exhibit A, and assuming some payment for rent, the Magistrate Judge estimates that a monthly payment of Five Hundred Dollars ($500.00) per month would have been a reasonable payment of the minimum amounts necessary for Plaintiff to be fed and housed.

Plaintiff was injured on May 26, 2006, and had surgery on November 30, 2006. The precise date in which he would have been released by the surgeon is not before the Court, but assuming the surgical healing process took 90 days, the total time period during which maintenance would have been due would be approximately nine months.

Therefore, in this case, a total payment of $4,500 as maintenance would have been a likely entire recovery under the claim by the Plaintiff.  Any recovery for "cure" would have been for amounts to be paid directly to the physicians and hospitals providing the services – and therefore of no financial benefit to the Plaintiff himself.

A one-third contingent fee in this case, calculated after the exclusion of deposition

indicating that the attorneys' fees awarded must be calculated on a contingency basis only.

Plaintiff's Retainer Contract with his attorneys does provide that any amounts payable as attorneys' fees for a "sanction" shall accrue to the attorneys. Therefore, the Magistrate Judge concludes that the language in *Atkinson* suggests that when a plaintiff is forced to hire counsel to obtain maintenance and cure, the Court should establish a reasonable fee for counsel which is not necessarily limited to a contingent fee. And, in this case, the Retainer Contract with the client allows the attorney to recover – in addition to a contingency – any attorneys' fees awarded as a "sanction." The attorneys' fees in this case are awarded because the Court has previously concluded that Plaintiff was clearly entitled to maintenance, and the Defendant did not seasonably make appropriate payment.

**(2)   What is the appropriate hourly rate that should be applied to the time spent by Plaintiff's counsel?**

Assuming that this Court must calculate a reasonable fee other than a contingency, we look to the Supreme Court to establish how to do so. In *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the United States Supreme Court held that reasonable fees under 142 U.S.C. § 1988 are to be calculated according to the "prevailing market rates in the relevant community." That case, however, only addressed the issue of what rate should be paid to

---

and travel costs to obtain the relief, would be quite small – probably less than One Thousand Dollars ($1,000.00). Awarding such a fee in this case would not be a reasonable fee in that it would not likely cover the attorneys' reasonable overhead during the time the services were rendered.

lawyers from the Southern District of New York who litigated a case within that same district.  The Magistrate Judge has been unable to find any precedent which establishes whether the "relevant community" in this case is the New Albany, Indiana area where the litigation is being conducted, or the Detroit, Michigan area where Plaintiff's attorneys are located.  However, in *Blum,* the Supreme Court stated in footnote 11 (at p. 895), "In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates.  To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – *in addition to the attorneys' own affidavits* – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as "the prevailing market rate."  In this case, the prevailing party has not provided any evidence – "*in addition to the attorneys' own affidavits*" – that the rates they request are in line with those prevailing in the community for similar services.

Plaintiff having failed in his burden to provide additional evidence of the prevailing rates in the Detroit, Michigan area, the Court must therefore rely on its own knowledge and prior rate-setting precedence within the Southern District of Indiana for a person of similar skill and experience.

With respect to Attorney Dennis M. O'Bryan, the Affidavit shows that he has been engaged in this type of work since 1979 – a period of 29 years.  He has been

admitted to courts throughout the nation and conducts a nationwide practice that appears to be substantially limited to maritime law.  This Court has accepted hourly rates for leading practitioners of specialized areas whose offices are located in Chicago at the rate of Three Hundred Forty Dollars ($340.00) per hour.  *See Lemieux v. Guy,* 2006 WL 3626555 (S.D. Ind. 2006).  Because Mr. O'Bryan has extensive experience in this field, operates his office in Detroit, and conducts a nationwide practice in this area of specialty, the Magistrate Judge concludes that the rate of Three Hundred Fifty Dollars ($350.00) per hour is a reasonable rate for his services.  The Magistrate Judge will note, however, Judge David F. Hamilton's observation that a high hourly rate that reflects such expertise should be paralleled by high efficiency.  As will be discussed below, the Court will expect such hourly rates to be limited to those instances in which the attorney is actually performing legal work necessary to the action.

Attorney Howard Cohen seeks the rate of Two Hundred Fifty Dollars ($250.00) per hour.  Mr. Cohen has been engaged in this type of litigation since 1988 – approximately 20 years.  He is admitted in many courts throughout the country and appears to limit his practice substantially to this specialized area of the law.  As specified above, an attorney with 20 years of experience in a speciality can reasonably be expected to charge Two Hundred Fifty Dollars ($250.00) per hour in the Southern District of Indiana, and his fee rate is, therefore, approved subject to the Court's requirement that the time be spent in the actual provision of legal services, and that he operate in an efficient manner.

**(3)    What is the appropriate number of hours which Plaintiff's counsel has spent in this case?**

**(a)  The time claimed by Attorney Dennis M. O'Bryan:**

Mr. O'Bryan conducted some 14 telephone conferences with his client prior to drafting an Affidavit in support of maintenance and cure and drafting and filing the Plaintiff's motion.

Given the fact that this attorney had 14 telephone conferences and required 2.5 hours to draft the Affidavit in support of maintenance and cure, the Magistrate Judge concludes that the drafting and filing of Plaintiff's Motion for Maintenance and Cure was not efficiently performed when billed at 8 hours.  The motion and supporting brief are very straightforward and consume little time to draft with respect to the argument portion of the brief or the things that were outside of the facts previously presented in the Affidavit.  The Magistrate Judge, therefore, concludes that the January 19, 2007 time spent should be reduced from eight to two hours.  Mr. O'Bryan spent limited time following up with the client and spent an appropriate amount of time to review the Defendant's Response in Opposition to Plaintiff's Motion for Maintenance and Cure, to draft and file Plaintiff's Reply, to review Defendant's Sur-reply, and to draft and file a Supplemental Brief.  The only other entry which appears to exceed reasonable time is that of October 19, 2007, in which counsel sought .75 hour to search and draft a letter concerning dispensing with oral argument.  The Magistrate Judge concludes that the letter could have been sent in .25 hour.

Therefore, Mr. O'Bryan's request that he be compensated for 27.5 hours in this case is reduced, and the Magistrate Judge would recommend the approval of 21 hours at Three Hundred Fifty Dollars ($350.00) per hour.

**(b)  The time claimed by Attorney Howard Cohen:**

It appears that this case was turned over to Mr. Cohen largely after the drafting stage, and he was the attorney who conducted depositions, the evidentiary hearing, and prepared briefs after the evidentiary hearing.  The Magistrate Judge notes that there appears to be little overlap or undue duplication between the times spent by Mr. O'Bryan and that spent by Mr. Cohen.  The Magistrate Judge has noted a small amount of overlap during the months of May and June 2007, but that overlap is minimal and could not be deemed to be unnecessary.

As Judge Hamilton has indicated, the Court must expect efficiency in the production of legal services.  The primary questions involving efficiency of time are as follows:

(a)  billing 14.5 hours for the deposition of Shaunne Olson;

(b)  billing 20 hours for the evidentiary hearing on November 8, 2007;

(b)  billing 9.5 hours for the deposition of Dr. Michael Florek; and

(d)  billing 20 hours to file proposed Findings of Fact and Conclusions of Law on December 17, 2007.

Three of these instances involved significant travel time.  With respect to the October 10 deposition, it appears from the airplane itinerary that Mr. Cohen would have arrived in Louisville at approximately 10:40 a.m., and would have departed

Case 4:06-cv-00154-SEB-WGH   Document 125   Filed 09/08/08   Page 10 of 15 PageID #: 1185

from Louisville at approximately 7:00 p.m.  This would indicate that the deposition itself was concluded within approximately six hours, and that approximately 8.5 hours was consumed by travel to and from the deposition.

With respect to the evidentiary hearing on November 8, the Court's records reflect that the hearing itself consumed approximately 2.5 hours of time.  The airplane itinerary indicates that Mr. Cohen would have arrived in Louisville at approximately 10:45 a.m., and departed from Louisville at approximately 7:00 p.m. Therefore, again approximately six hours of the time was available for consultation with the client and attendance at the hearing itself.

The record reflects that Dr. Florek's deposition was completed in approximately 1.5 hours.  The expenses suggest that Mr. Cohen drove to and from Dr. Florek's deposition, a total of 543 miles – indicating at least eight hours of driving time being involved in this charge.[3]

The Court has been unable to ascertain any precedent that determines how travel time should be allocated for billing purposes.  While an appropriate billing rate for such time must be considered to cover overhead for a law office, travel time is not time in which a lawyer performs highly efficient legal services for the client. The Magistrate Judge, therefore, concludes that the appropriate billing rate for travel time in this case is one-half the billing rate of the attorney – in this case One Hundred Twenty-five Dollars ($125.00) per hour.  Therefore, with respect to Mr.

_____

[3]The Magistrate Judge has noted separate entries for preparation for the Plaintiff's deposition, preparation for the evidentiary hearing, and preparation for Dr. Florek's deposition.  From these entries, the Magistrate Judge, therefore, believes that significant amounts of time during travel were not used for preparation by Mr. Cohen.

-10-

Cohen's time in this instance, the Court will allocate six hours of time to the deposition, six hours of time to the evidentiary hearing, 1.5 hours of time for Dr. Florek's deposition at the full rate of Two Hundred Fifty Dollars ($250.00) per hour. Eight and one-half hours of travel time for the Plaintiff's deposition; 14 hours of travel time for the evidentiary hearing; and eight hours of travel time for Dr. Florek's deposition will be billed at one-half of Mr. Cohen's actual hourly rate.

Mr. Cohen's itemization states that on December 17, 2007, he spent three hours preparing a motion for leave to file an Affidavit of Shaunne Olson and 20 hours preparing and filing Proposed Findings of Fact and Conclusions of Law. It stretches the Court's credulity to believe that he spent 23 of 24 hours on December 17 preparing these pieces of information; however, if he did so, he did so in an inefficient manner. Plaintiff's Proposed Findings of Fact and Conclusions of Law are extensive, but amount to approximately 25 pages. The Magistrate Judge concludes that a highly efficient attorney of Mr. Cohen's caliber could have produced those documents in no more than a 12-hour work day. Therefore, the entries for December 17 are reduced from 23 hours to 12 hours.

Defendant also contests nearly every other entry with respect to Mr. Cohen's time as exaggerating the amount of time necessary to complete various tasks. While the description of several of these entries describes them as "Notice of filing . . . ." of certain items, the Magistrate Judge concludes that a reasonable attorney is required to review the Responses to Requests for Admissions, Supplemental Requests for Production Responses, and the like prior to filing the notice. The need

to review the items as well as to file the notice can reasonably take the time period allotted under these circumstances.

Therefore, with respect to Mr. Cohen's request for 82 hours of time, the Court concludes that 11 hours of the requested time was not efficiently spent and would be denied; 31.5 hours of the time requested was for travel time, which was also not efficiently spent. The Court will allow 40.5 hours of attorney time at Two Hundred Fifty Dollars ($250.00) per hour and 30.5 hours payable at One Hundred Twenty-five Dollars ($125.00) per hour as the reasonable attorney's fee for Mr. Cohen's time in this case.

**(4)      What expenses outside those allowed by statute may Plaintiff recover?**

Case law in this Circuit, specifically *Zabkowicz v. West Bend Co., Div. of Dart Industries, Inc.,* 789 F.2d 540 (1986), has concluded that out-of-pocket expenses incurred by a plaintiff in preparing for trial are compensable under fee-shifting statutes so long as they are reasonable. The Magistrate Judge is unable to find any specific authority addressing whether this award of expenses applies under claims for maintenance and cure since the award of an attorney's fees for recovery of maintenance and cure is not directed by statute. In light of the fact that attorneys' fees are only awarded in claims under maritime law where the Court has previously found that the employer has failed to pay maintenance and cure when those remedies were clearly due to the Plaintiff, the Magistrate Judge concludes that if confronted with the issue, the United States Supreme Court would most

likely conclude that the remedial aspects of the maritime doctrine would allow Plaintiff to recover for the travel expenses of his or her counsel.

Likewise, deposition transcript fees in this case appear to be reasonable and necessary.

A question exists as to whether Dr. Florek's deposition fee of Four Hundred Five Dollars and Fifty Cents ($405.50) is compensable.  In the absence of any authority that Dr. Florek's deposition fee should not be paid, the Magistrate Judge concludes that it is an expense reasonably incurred and necessary in this case.

Finally, Defendant does argue that expenses for Plaintiff's counsel's attendance at the evidentiary hearing were unnecessary because Plaintiff's counsel had requested to appear by telephone.  In this case, this Court concluded that an evidentiary hearing was necessary because of significant disputed issues of fact, and that hearing was deemed necessary before the Magistrate Judge issued his report and recommendation to Judge Barker in this matter.  The fact that the Court required an attorney to appear in person on one occasion for an evidentiary hearing does not expose Defendant to an excessive amount of time being spent on issues that were not truly contested by Defendant.  The Magistrate Judge believes that the attendance at one hearing with respect to the issue of maintenance and cure is not unreasonable, particularly in light of the fact that the Magistrate Judge recommends that any travel time incurred in attending the hearing be billed at a reduced rate.

### Conclusion

The Magistrate Judge, therefore, **RECOMMENDS** that:

1.  A reasonable attorney fee for Attorney Dennis M. O'Bryan be paid at the hourly rate of Three Hundred Fifty Dollars ($350.00) for 21 hours, for a total of Seven Thousand Three Hundred Fifty Dollars ($7,350.00).

2.  A reasonable attorney fee for Attorney Howard Cohen be paid at the hourly rate of Two Hundred Fifty Dollars ($250.00) for 40.5 hours and the hourly rate of One Hundred Twenty-five Dollars ($125.00) for 30.5 hours, for a total of Thirteen Thousand Nine Hundred Thirty-seven Dollars and Fifty Cents ($13,937.50).

3.  Expenses be awarded in the amount of Two Thousand One Hundred Forty-four Dollars and Thirty-eight Cents ($2,144.38).

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Any party shall have ten (10) days from the date of service to file written objections to such Report and Recommendation.

**SO RECOMMENDED.**

**Dated:**  September 8, 2008

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Howard Michael Cohen
O'BRYAN BAUN COHEN KUEBLER
hcohen@obryanlaw.net

-14-

Dennis M. O'Bryan
O'BRYAN BAUN COHEN KUEBLER
dob@obryanlaw.net


**<u>Mail copy to</u>:**

Stephanie R. Miller
MILLER & MILLER
One Riverfront Plaza  # 602
Louisville, KY  40202